IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| JAMES WUNSCH, | ) CIVIL ACTION NO. 5:15-cv-198-Oc-30PRL |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| HENGESBACH & HENGESBACH, | ) |
| P.A. AND SETON T. | ) |
| HENGESBACH, individually, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, James Wunsch, files this Complaint against Defendants, Hengesbach & Hengesbach, P.A. and Seton T. Hengesbach and states as follows:

### NATURE OF ACTION

1. This is an action brought under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

### PARTIES

4. Plaintiff, James Wunsch ("Mr. Wunsch"), is a natural person who

1

at all relevant times resided in the State of Florida, County of Hernando, and City of Brooksville.

5. Mr. Wunsch is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Hengesbach & Hengesbach, P.A., is a for-profit Florida entity which can be served through its registered agent, Sean E. Hengesbach.

7. Hengesbach & Hengesbach, P.A., is an entity that at all relevant times was engaged, by use of the mail, in the business of attempting to collect a "debt" From Mr. Wunsch, as defined by 15 U.S.C. § 1692a(5).

8. Hengesbach & Hengesbach, P.A. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant, Seton T. Hengesbach ("Mr. Hengesbach"), is an individual who at all relevant times was engaged, by use of the mail, in the business of attempting to collect a "debt" from Mr. Wunsch, as defined by 15 U.S.C. § 1692a(5).

10. According to annual reports filed with the Division of Corporations of the Florida Department of State, Mr. Hengesbach is the vice president of Hengesbach & Hengesbach, P.A.

11. Upon information and good-faith belief, as the vice president of Hengesbach & Hengesbach, P.A., Mr. Hengesbach was in charge of the business and affairs of Hengesbach & Hengesbach, P.A.'s debt collection business.

12. Upon information and good-faith belief, as the vice president of Hengesbach & Hengesbach, P.A., Mr. Hengesbach was involved in the day-to-

day operations of Hengesbach & Hengesbach, P.A.'s debt collection business.

13. Upon information and good-faith belief, as the vice president of Hengesbach & Hengesbach, P.A., Mr. Hengesbach exercised control over Hengesbach & Hengesbach, P.A.'s debt collection business.

14. Mr. Hengesbach is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

15. Mr. Wunsch is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due to a creditor other than Hengesbach & Hengesbach, P.A. or Mr. Hengesbach (collectively "Defendants").

16. Mr. Wunsch's obligation, or alleged obligation, owed or due, or asserted to be owed or due to a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred largely for personal, family, or household purposes – namely payments on a promissory note and mortgage dated February 11, 2013 (the "Debt").

17. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collect, or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

18. In connection with the collection of the Debt, Defendants sent Mr. Wunsch an initial written communication dated March 27, 2015. See attached **Exhibit A.**

19. The Debt was in default at the time Defendants sent the March 27,

3

2015 initial written communication.

20. The March 27, 2015 initial written communication was placed upon letterhead for Hengesbach & Hengesbach, P.A. and was hand-signed by Mr. Hengesbach.

21. The March 27, 2015 initial written communication includes language that actually contradicts, apparently contradicts, and/or overshadows the notices required by 15 U.S.C. § 1692g(a)(4) and § 1692g(b) permitting 30 days to dispute the debt. It demands in bold print the alleged debt be paid within 10 days of the date of the letter – threatening "foreclosure by judicial proceeding and sale" of the Plaintiff's residence should such payment not be made. It also states that the filing of this "lawsuit may have an adverse effect on [Plaintiff's] credit rating." It also offers in bold a "Deed In Lieu of Foreclosure", designed to coerce Plaintiff into giving up his deed and 30 day dispute period "to avoid foreclosure" for $2,000.00.

22. The March 27, 2015 initial written communication also omits required language from 15 U.S.C. § 1692g(a)(4) that a permits Plaintiff to dispute "any portion" of the debt and that a **written** dispute of the debt was necessary in order to require Defendants to provide verification of the Debt.

23. The March 27, 2015 initial written communication includes language that apparently contradicts or overshadows the notices required by 15 U.S.C. § 1692g(a)(4), including, but not limited to, its threat to file a lawsuit if payment is not received as demanded in a letter printed on law firm letterhead, hand signed by an attorney.

4

24. The March 27, 2015 initial written communication includes language that is designed to evade the spirit of the FDCPA and to mislead the least sophisticated consumer into ignoring the rights afforded by 15 U.S.C. § 1692g(a)(4) and § 1692g(b).

25. The March 27, 2015 initial written communication violated 15 U.S.C. § 1692g(b) by sending Plaintiff an initial communication that overshadowed, contradicted, or was inconsistent with the disclosure of rights required by 15 U.S.C. § 1692g(a) *et seq*.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692g(a)(4) and § 1692g(b)**
**HENGESBACH & HENGESBACH, P.A.**

26. Mr. Wunsch repeats and re-alleges those allegations in paragraph 1-25 above.

27. Hengesbach & Hengsbach, P.A. violated 15 U.S.C. § 1692g(a)(4) by sending an initial written communication that failed to meaningfully convey to Mr. Wunsch that a dispute of the debt, or any portion thereof, must be made in writing in order to obtain verification of the alleged debt, and by not sending the required disclosures within five days thereafter.

28. Hengesbach & Hengsbach, P.A. violated 15 U.S.C. § 1692g(a)(4) and § 1692g(b) by sending an initial written communication that actually contradicts, apparently contradicts, and/or overshadows the notices required by 15 U.S.C. § 1692g(a)(4) permitting 30 days to dispute the debt. It demands in bold print the alleged debt be paid within 10 days of the date of the letter – threatening "foreclosure by judicial proceeding and sale" of the Plaintiff's residence should such payment not be made. It also states that the filing of this "lawsuit may have

5

an adverse effect on [Plaintiff's] credit rating." It also offers in bold a "Deed In Lieu of Foreclosure", designed to coerce Plaintiff into giving up his deed and 30 day dispute period "to avoid foreclosure" for $2,000.00.

29. Hengesbach & Hengsbach, P.A. violated 15 U.S.C. § 1692g(a)(4) by sending an initial written communication that failed to meaningfully convey to Mr. Wunsch that Plaintiff may dispute "any portion" of the debt.

30. Hengesbach & Hengsbach, P.A. violated 15 U.S.C. § 1692g(a)(4) by sending an initial written communication that includes language that apparently contradicts or overshadows the notices required by 15 U.S.C. § 1692g(a)(4), including, but not limited to, its threat to file a lawsuit if payment is not received as demanded in a letter printed on law firm letterhead, hand signed by an attorney.

WHEREFORE, Mr. Wunsch prays for relief and judgment, as follows:

a) Adjudging that Hengesbach & Hengsbach, P.A. violated 15 U.S.C. § 1692g(a)(4) and § 1692g(b);

b) Awarding Mr. Wunsch actual and statutory damages, pursuant to 15 U.S.C. § 1692k;

c) Awarding Mr. Wunsch reasonable attorneys' fees and costs incurred in this action, including but not limited to counsel fees and expert fees and those permitted by 15 U.S.C. § 1692k(a)(3);

d) Awarding Mr. Wunsch any prejudgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just

and proper.

## COUNT II
### VIOLATION OF 15 U.S.C. § 1692g(a)(4) and § 1692g(b)
### SETON T. HENGESBACH

31. Mr. Wunsch repeats and re-alleges those allegations in paragraph 1-25 above.

32. Mr. Hengsbach violated 15 U.S.C. § 1692g(a)(4) by sending an initial written communication that failed to meaningfully convey to Mr. Wunsch that a dispute of the debt, or any portion thereof, must be made in writing in order to obtain verification of the alleged debt, and by not sending the required disclosures within five days thereafter.

33. Mr. Hengesbach violated 15 U.S.C. § 1692g(a)(4) and § 1692g(b) by sending an initial written communication that actually contradicts, apparently contradicts, and/or overshadows the notices required by 15 U.S.C. § 1692g(a)(4) permitting 30 days to dispute the debt. It demands in bold print the alleged debt be paid within 10 days of the date of the letter – threatening "foreclosure by judicial proceeding and sale" of the Plaintiff's residence should such payment not be made. It also states that the filing of this "lawsuit may have an adverse effect on [Plaintiff's] credit rating." It also offers in bold a "Deed In Lieu of Foreclosure", designed to coerce Plaintiff into giving up his deed and 30 day dispute period "to avoid foreclosure" for $2,000.00.

34. Mr. Hengsbach violated 15 U.S.C. § 1692g(a)(4) by sending an initial written communication that failed to meaningfully convey to Mr. Wunsch that Plaintiff may dispute "any portion" of the debt.

35. Mr. Hengsbach violated 15 U.S.C. § 1692g(a)(4) by sending an

initial written communication that includes language that apparently contradicts or overshadows the notices required by 15 U.S.C. § 1692g(a)(4), including, but not limited to, its threat to file a lawsuit if payment is not received as demanded in a letter printed on law firm letterhead, hand signed by an attorney.

36. Mr. Hengsbach is personally liable to Mr. Wunsch absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of Hengesbach & Hengesbach, P.A.'s debt collection business, his personal involvement in the collection of Mr. Wunsch's alleged debt, and his exercise of control over the affairs of Hengesbach & Hengesbach, P.A.'s debt collection business.

WHEREFORE, Mr. Wunsch prays for relief and judgment, as follows:

a) Adjudging that Hengesbach & Hengsbach, P.A. violated 15 U.S.C. § 1692g(a)(4) and § 1692g(b);

b) Awarding Mr. Wunsch actual and statutory damages, pursuant to 15 U.S.C. § 1692k;

c) Awarding Mr. Wunsch reasonable attorneys' fees and costs incurred in this action, including but not limited to counsel fees and expert fees and those permitted by 15 U.S.C. § 1692k(a)(3);

d) Awarding Mr. Wunsch any prejudgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

37. Mr. Wunsch is entitled to and hereby demands a trial by jury.

DATED this April 17, 2015

                                                                  Respectfully submitted,

                                                                  /s/ Michael Massey
                                                                  FBN 13680
                                                                  Massey & Duffy, PLLC
                                                                  Massey@352law.com
                                                                  855 E. Univ. Ave.
                                                                  Gainesville, FL 32601
                                                                  (352) 505-8900

# HENGESBACH & HENGESBACH, P.A.
## ATTORNEYS AND COUNSELORS AT LAW

SEAN E. HENGESBACH
SETON T. HENGESBACH

WAYNE R. COULTER
Of Counsel

SPRING HILL OFFICE
5438 SPRING HILL DRIVE
SPRING HILL, FLORIDA 34606
PHONE: (352) 683-1963
FAX: (352) 683-3847

E-MAIL: INFO@NATURECOASTLAW.COM
WWW.NATURECOASTLAW.COM

TRINITY OFFICE
8221 STATE ROAD 54
TRINITY, FLORIDA 34655
PHONE: (727) 835-5048

REPLY TO SPRING HILL

March 27, 2015

**VIA FIRST CLASS MAIL**
**AND CERTIFIED MAIL RRR**
James Wunsch and
Brittney A Wunsch
14287 Edgeknoll Street
Brooksville, Florida 34613

    Re:    Promissory Note and Mortgage Dated:    February 11, 2013
            Property Address:    1427 Edgeknoll Street
                                        Brooksville, FL 34613

Dear Mr. and Mrs. Wunsch:

    Please be advised that the undersigned has been retained to represent Horace Stevens. Mr. Stevens has informed me that you are in default under the above-referenced loan, having failed to make multiple loan payments over the last year and by failing to provide evidence of insurance.

## DEMAND FOR PAYMENT

    To cure this default, you must forward to Hengesbach & Hengesbach, P.A. certified funds in the amount of **$1,819.94** consisting of the principal and interest due through March 27, 2015. In addition, you must also provide written evidence that the property is insured and that all real property taxes have been timely paid in accordance with the terms of the Mortgage. **The required sum(s) and evidence of insurance must be forwarded to Hengesbach & Hengesbach, P.A. on or before April 6, 2015.** Thereafter, you will be responsible for making the monthly payments of $523.71 on the 15th day of each month. Please note that partial payments will not be accepted.

    Failure to provide the required sum and cure the defaults on or before April 6, 2015, may result in acceleration by Mr. Stevens of all sums secured by your mortgage, and foreclosure by judicial proceeding and sale of the following described property located in Hernando County, Florida:

    Lot 3, Block 21, BROOKRIDGE COMMUNITY, UNIT 2, according to the plat thereof as recorded in Plat Book 13, Pages 79 through 75, inclusive, of the Public Records of Hernando County, Florida.


EXHIBIT A

Parcel No.:   R27- 222 18 1470 0021 0030
Address:      14287 Edgeknoll Street, Brooksville, Florida 34613.

Under the terms of your mortgage to Mr. Stevens, you will have the right to reinstate after acceleration and the right to assert in any foreclosure preceding the nonexistence of a default or any other defense you may have to acceleration and foreclosure.

You should be aware that further legal proceedings will increase the costs and fees incurred, for which you will be held responsible under the terms of your promissory note and mortgage. Additionally, filing of a lawsuit may have an adverse effect on your credit rating.

### DEED IN LIEU OF FORECLOSURE

In an effort to offer you an option to avoid foreclosure, Mr. Stevens would like to extend you an opportunity to participate in an alternative to foreclosure by executing a deed-in-lieu of foreclosure. To accomplish this, you and all other occupants must vacate the property and provide clear and marketable title to the home via warranty deed to Mr. Stevens. You will be required to sign standard closing documentation to effectuate the transfer of the property.

**If you are willing to pursue a deed-in-lieu, Mr. Stevens is willing to provide you with cash assistance in the amount of $2,000.00 to vacate the property.**

Unless you dispute the validity of this debt within 30 days of your receipt of this notice, we will assume that the debt is valid. If you notify us in writing within the 30-day period that the debt is disputed, we will take the steps necessary to obtain a verification of the debt from our client and forward the same to you.

This letter is being sent by certified mail, return receipt requested, and by regular mail.

In accordance with the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 et seq.), we are required to state that this document is an attempt to collect a debt and any information obtained will be used for that purpose.

Please govern yourself accordingly.

Sincerely,

Seton T. Hengesbach, Esquire

STH/aml
cc:   Mr. Horace Stevens